CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

JAN 12 2017

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal Case No. 4:07cr00020 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **TOBY JOSEPH MASE,** | ) | By: Jackson L. Kiser |
| Petitioner. | ) | Senior United States District Judge |

Petitioner Toby Joseph Mase, a federal inmate, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He challenges his 188-month sentence following a guilty plea to being a felon in possession of a firearm, in which I determined that he qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"). Mase asserts that he no longer qualifies as an armed career criminal because his predicate Virginia statutory burglary convictions no longer support such a designation. The government filed a motion to dismiss, and Mase responded, making this matter ripe for disposition. I conclude that Mase's petition is untimely, and I grant the government's motion to dismiss.

I.

On June 21, 2007, a federal grand jury returned an Indictment against Mase charging him with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e) ("Count One") and one count of knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j) ("Count Two"). Mase pleaded guilty to Count One, pursuant to a written Plea Agreement, in exchange for the dismissal of Count Two. (Plea Agree. at 2-3, ECF No. 23.) The Plea Agreement stated, in accordance with the ACCA, that "there may be a mandatory minimum sentence of 15 years imprisonment" for Count One. (Id. at 1.)

A Presentence Investigation Report ("PSR") was created prior to sentencing. It recommended that Mase be designated an armed career criminal based on three prior Virginia

statutory burglary convictions. (PSR ¶ 33, 34, ECF No. 51.) The burglaries occurred on three separate dates: between September 28 and 29, 1990, October 8, 1990, and April 20, 1993. (Id.) Because of the armed career criminal designation, the PSR recommended a total offense level of 31 and a criminal history category of VI, resulting in an advisory guideline range of 188 to 235 months' incarceration. (Id. ¶ 73.) Pursuant to the ACCA, he faced a statutory mandatory minimum sentence of fifteen years. (Id. at ¶ 72.) Without the armed career criminal enhancement, Mase would have faced a statutory maximum sentence of ten years' imprisonment. 18 U.S.C. § 924(a)(2).

Defense counsel filed a sentencing memorandum, arguing that I impose a sentence of not more than the statutorily required 180 months and that such sentence should run concurrent to a 126-month state sentence imposed for related criminal activity. (Sent. Mem. at 1, ECF No. 29.) On February 21, 2008, I sentenced Mase to 188 months' imprisonment, with 104 months to run concurrent to his state sentence and 84 months to run consecutive to it. (Judgment at 2, ECF No. 32.) Mase did not appeal.

In his § 2255 motion, Mase, through counsel, alleges that following the Supreme Court's decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), his Virginia statutory burglary convictions can no longer support his enhanced sentence under the ACCA.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28

2

U.S.C. § 2255. Mase bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III.

A § 2255 petition must adhere to strict statute of limitations requirements before any of the substantive issues may be addressed. A person convicted of a federal offense must file a § 2255 motion within one year of the latest date on which:

(1) the judgment of conviction becomes final;

(2) the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Mase's judgment of conviction became final in 2008, after he declined to file an appeal. He filed his current § 2255 motion on May 10, 2016, well over the one-year timeliness requirement under § 2255(f)(1). Nonetheless, Mase argues that his petition is timely under § 2255(f)(3) because he filed the motion within one year of the Supreme Court's decision in Johnson, which was issued on June 26, 2015. The Supreme Court did announce a new rule of constitutional law in Johnson that applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1268 (2016). However, Johnson does not affect Mase's claims, and so his motion must be dismissed as untimely.

The Supreme Court, in Johnson, considered the constitutionality of a specific provision of the ACCA. Federal law prohibits a convicted felon from possessing firearms. 18 U.S.C.

3

§ 922(g). A defendant who violates this law is subject to a term of up to ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, when a defendant has three or more prior convictions for a "violent felony," as Mase did, the ACCA increases his punishment to a minimum of fifteen years' imprisonment and a maximum of life. 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down as unconstitutionally vague the "residual clause," the second part of subsection (ii) of the violent felony definition that "involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2563. However, the Johnson opinion did not affect the viability of subsection (i) of the "violent felony" definition of the ACCA, or the first part of subsection (ii), the "enumerated clause," which lists "burglary," among other crimes. Id. ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

When I sentenced Mase, I relied on the enumerated crimes clause, and not the residual clause, in concluding that he qualified as an armed career criminal. Accordingly, Johnson is not implicated. As such, he cannot rely on 28 U.S.C. § 2255(f)(3) to make his otherwise time-barred motion, timely. In addition, recent Supreme Court decisions such as Mathis v. United States, 136 S. Ct. 2243 (2016) and Descamps v. United States, 133 S. Ct. 2276 (2013), which do provide guidance for determining whether underlying convictions can constitute predicate offenses under

4

the enumerated crimes clause of the ACCA, have not been made retroactively applicable for timeliness purposes on collateral review. See Blackwell v. United States, No. 4:10cr12, 2016 WL 5849384 at *4, 2016 U.S. Dist. LEXIS 138839, *11 (W.D. Va. Oct. 6, 2016). Accordingly, "[p]etitioner's predicate offenses remain 'crimes of violence' in the wake of Johnson," and so his petition is time barred. Id.; see also United States v. Deel, No. 2:03cr10017, 2016 WL 6471249 at *4, 2016 U.S. Dist. LEXIS 150927, *10 (W.D. Va. Nov. 1, 2016) (concluding that a § 2255 petition, in which the defendant challenged his armed career criminal status by asserting that his Virginia burglary convictions no longer qualified as predicate offenses after Johnson, was time barred because the court had relied on the enumerated crimes clause and so "Johnson d[id] not apply").

## IV.

For the reasons stated, I grant the government's motion to dismiss and dismiss the motion to vacate, set aside, or correct sentence as untimely. Based upon my finding that Mase has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

**ENTER:** This 12th day of January, 2017.

Senior United States District Judge

5